UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GREGORY WILLIAMS, CDCR #AA-2822,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>S. RESLER; C. HERNANDEZ; E. GARZA; D. SERVANTES; R. DIN; J. JUAREZ; G. STRATTON; H. LIU<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:16-cv-2538-CAB-KSC<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT UPON DEFENDANTS PURSUANT TO Fed. R. Civ. P. 4(c)(3) AND 28 U.S.C. § 1915(d)** |

　　　Steven Gregory Williams ("Plaintiff"), currently incarcerated at the California Medical Facility located in Vacaville California, and proceeding pro se, has filed a civil action pursuant to 42 U.S.C. § 1983. Plaintiff claims his constitutional rights were violated when he was housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California in 2015 and 2016.

/ / /

/ / /

## I. Procedural History

On October 7, 2016, Plaintiff filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). On October 27, 2016, this Court conducted the required *sua sponte* screening pursuant to 28 U.S.C. § 1915(e) & § 1915A. (ECF No. 4.) Plaintiff's Motion to Proceed IFP was granted and Plaintiff's Complaint was dismissed for failing to state a claim upon which relief may be granted. *See id.* at 11-12. Plaintiff was given leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. *Id.* Plaintiff filed his First Amended Complaint ("FAC") on December 2, 2016. (ECF No. 4.)

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

The Prison Litigation Reform Act ("PLRA") requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

In addition, the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). However, it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Based on the allegations contained in Plaintiff's FAC, the Court now finds Plaintiff's FAC sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (prison officials may be held liable under the Eighth Amendment if they act with deliberate indifference to serious medical needs); *id.* at 104-05 (deliberate indifference may be

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

shown if prison officials "intentionally deny[] or delay[] access to medical care or intentionally interfer[e] with the treatment once prescribed.").

Accordingly, the Court will direct U.S. Marshal service on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

### III. Conclusion and Order

Good cause appearing, the Court:

1. **DIRECTS** the Clerk of Court to issue a summons as to Plaintiff's Amended Complaint (ECF Doc. No. 4) upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Court **DIRECTS** the Clerk to provide Plaintiff with a certified copy of the October 27, 2016 Order Granting Plaintiff's Motion for Leave to Proceed IFP (ECF No. 3), a certified copy of his Amended Complaint (ECF Doc. No. 4), and the summons so that he may serve Defendants. Once he receives this "IFP Package," the Court **ORDERS** Plaintiff to complete the USM Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.

2. **ORDERS** the U.S. Marshal, upon receipt of Plaintiff's completed USM Form 285s, to timely serve a copy of Plaintiff's Amended Complaint and summons upon each Defendant as directed by Plaintiff. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

3. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the

Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

    4.    **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration. Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants, or counsel for Defendants, and the date of that service.

Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants may be disregarded.

    **IT IS SO ORDERED**.

Dated:  March 6, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge