

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GREGORY WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>S. RESLER, et. al.,<br><br>Defendants. | Case No.: 3:16-cv-02538-CAB-KSC<br><br>**REPORT AND RECOMMENDATION RE DEFENDANTS' MOTION TO DISMISS**<br><br>**[Doc. No. 23]** |

Plaintiff Steven Gregory Williams, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action under Title 42 U.S.C. § 1983 alleging defendants violated his rights guaranteed under the Fourteenth Amendment of the United States Constitution, Title II of the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA"). [Doc. No. 4]. Before the Court is defendants' Motion to Dismiss filed by defendants Resler, Hernandez, Garza, Servantes, Din, Juarez, Stratton, and Liu [Doc. No. 23] and plaintiff's Response [Doc. No. 38]. Defendants' Motion seeks: (1) dismissal of the Equal Protection Clause Claims against defendants Resler, Garza, Hernandez, and Servantes; (2) dismissal of the ADA and RA claims against all defendants; and (3) dismissal of the California Government Code § 11135 claims against all defendants.

For the reasons stated herein, it is **RECOMMENDED** that the District Court **GRANT** defendants' Motion to Dismiss, with leave to amend as to plaintiff's ADA and RA claims against defendant S. Resler.

## BACKGROUND

### I. Factual Background

Plaintiff is an incarcerated individual at the California Medical Facility in Vacaville, California, however at the times relevant to the dispute before this Court, plaintiff was incarcerated at the Richard J. Donovan Correctional Facility ("RJDCF") in San Diego, California. [FAC, at p. 4]. Plaintiff alleges he has a permanent mobility impairment resulting, in part, from a fracture to his left leg that has not healed properly. [*Id.*, at pp. 4-5]. As a result, plaintiff was allegedly prescribed a "CamWalker boot" and walker with locking wheels and a seat by his primary care physician, Dr. Cham. [*Id.*].

On December 27, 2015, plaintiff contends he entered the prison Dining Hall 1 using a walker while wearing the boot on his left foot and sat at the ADA designated table. [*Id.*, at 5]. An ADA table has no attached seating whereas regular dining tables have seats with metal struts supporting them that would preclude, for example, a wheelchair bound individual from effectively using the table. Shortly thereafter, defendant S. Resler allegedly approached plaintiff and asked that he get up from the ADA table and sit at a regular table with the able-bodied inmates. [*Id.*]. Plaintiff allegedly explained that he was mobility impaired, that he was entitled to sit at the ADA table,[1] and that "[he] was not going to move from the ADA table." [*Id.*]. Plaintiff does not allege he was forcibly removed from the table. The CamWalker boot, plaintiff asserts, precludes him from sitting at the able-bodied tables because of "how easy it was for [his] CamWalker boot on [his] left leg to get caught underneath one of the stainless steel seats in the Dining Halls." [*Id.*] As a result of those events, plaintiff contends he was "denied the benefits of the use of

---

[1] Plaintiff was allowed to sit at an ADA table because he was deemed mobility impaired by his treating physician at RJDCF. [FAC, at pp. 4-5; Exh. G, at p. 80].

RJDCF's Dining Hall's ADA table." [*Id.*].

The following day, December 28, 2015, defendant Resler issued plaintiff a Serious Rule Violation Report ("RVR") that charged him with disobeying a direct order. [*Id.*, at 6]. Defendants Garza and Hernandez signed off on the RVR and defendant Servantes was the Senior Hearing Officer at the hearing where plaintiff was found guilty. [*Id.*, at Exh. B]. Plaintiff appealed from the guilty verdict, which defendant Stratton heard and later dismissed. [*Id.*, at Exh. F, pp. 79-81, Exh. G].

On January 20, 2016, defendant Resler brought plaintiff out of Dining Hall 2 to conduct a clothed body search. [FAC, at p. 6]. Plaintiff alleges he complied with defendant Resler throughout the search, but nonetheless, Resler attempted to knock plaintiff off balance by pushing and shoving him. [*Id.*]. Resler also allegedly stated he would continue to harass plaintiff, tear up his cell, and ensure that he dies in prison. [*Id.*].

On February 9, 2016, plaintiff filed a Reasonable Accommodation Request ("RAP") to have affirmed his right to sit at the ADA table in the dining hall. [*Id.*, at Exh. B, p. 38]. The ADA Coordinator at RJDCF, defendant Din, replied to the RAP on February 18, 2016 stating, in pertinent part, that while both wheelchair and walker users are permitted to use the ADA tables, there is an "understanding that wheelchair users have preference." [*Id.*, at p. 40]. Plaintiff appealed from Din's February 18, 2016 response, which was upheld by defendant Juarez at the first level of appeal. [*Id.*, at p. 47]. Defendant Stratton upheld the appeal at the second level, defendant Liu at the third level, and Chief of the Office of Appeals, M. Voong, upheld Din's decision at the final level of appeal. [*Id.*, at pp. 48-51].

Plaintiff sues all defendants in their official capacities and requests only money damages as relief. [*Id.*, at pp. 2, 3, 17].

## II. Procedural Background

Plaintiff initiated this action on October 7, 2016 by filing both a Complaint and a Motion for Leave to Proceed *in forma pauperis*. [Doc. Nos. 1, 2]. The Court granted the Motion to proceed *in forma pauperis*, but dismissed the case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), with leave to amend the Complaint.

[Doc. No. 3]. Plaintiff filed the First Amended Complaint ("FAC") on December 2, 2016. [Doc. No. 4]. Defendants filed this Motion to Dismiss on April 30, 2017 and plaintiff filed his Response on September 1, 2017. [Doc. Nos. 23, 31]. Defendants filed a Reply in Support of the Motion to Dismiss on September 20, 2017. [Doc. No. 40]. The Court granted plaintiff leave to provide an additional Reply, which he filed on November 15, 2017. [Doc. No. 52].

## DISCUSSION

### A. Motion to Dismiss Standards

A plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (citing Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant[s] fair notice of what . . . the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A motion to dismiss under Federal Rule 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside*, 534 F.3d at 1121. A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion to dismiss, the Court must "accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters*, 497 F.3d 972, 975 (9th Cir. 2007). However, it is not necessary for the Court "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. at

678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

On the other hand, "[a] document filed *pro se* is 'to be liberally construed,' [citation omitted] and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . . " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Particularly in civil rights cases, courts have an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 (9th Cir. 1985).

### B. <u>Fourteenth Amendment Claims</u>

Plaintiff alleges his rights under the Fourteenth Amendment's Equal Protection Clause were violated because: (1) defendants gave preference to wheelchair bound individuals to use the ADA tables over walker users, of which plaintiff was such a user; [Doc. No. 4, at pp. 4-4a]; (2) defendant Resler issued plaintiff a RVR for plaintiff's failure to follow a direct order; and, (3) defendants Garza, Hernandez, and Servantes agreed issuance of the order was appropriate. [*Id.*, at p. 11].

A state practice that discriminates against a suspect class of persons, or a practice that interferes with a fundamental right is subject to strict scrutiny. *Massachusetts Bd. of Ret. v. Murgia*, 427 U.S. 307, 96 S. Ct. 2562 (1976). However, "[t]he disabled do not constitute a suspect class for equal protection purposes." *Pierce v. County of Orange*, 526 F.3d 1190, 1225 (9th Cir. 2008) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001)) (*internal citations omitted*). Indeed, "wheelchair bound inmates are not a suspect class." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 441-43 (1976); *see also Serrano v. Francis*, 345 F.3d 1071, 1079 n.6 (9th Cir. 2003). Thus, a plaintiff with a disability must allege facts to support that the government relied "on a classification whose relationship to an asserted goal is so attenuated as to render the distinction arbitrary or irrational." *City of Cleburne*, 473 U.S. at 446.

Here, plaintiff has alleged the decision to prioritize wheelchair using prisoners' access to the ADA table over walker using prisoners violates the Equal Protection Clause

of the Fourteenth Amendment. Since individuals with disabilities are not a suspect class, the remaining question is whether the distinction drawn by defendants has a rational basis. Plaintiff provides the Reasonable Accommodation Panel Response from February 18, 2016 that states "inmates with wheelchairs and walkers will be able to sit at ADA tables in dining halls *with an understanding that wheelchair users have preference*." [FAC, Exh. B. at p. 40 (*emphasis added*)]. The Court agrees with defendants that the prioritization has a rational basis given that "inmates with wheelchairs are completely incapable of sitting at tables with seats attached" while an inmate with a walker can – albeit with difficulty depending on the particular injury or disability – sit at the regular tables. [MTD, at p. 17]. Wheelchair users are given priority over walker users, in essence, when the available space at an ADA table is limited. The distinction has a rational basis and is not so attenuated as to render it arbitrary, and therefore does not violate the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff further alleges that his rights under the Fourteenth Amendment's Equal Protection Clause were violated because defendant Resler issued an RVR and his supervisors Garza, Hernandez, and Servantes upheld the RVR. [FAC, at p. 10]. In this instance, the Court disagrees with plaintiff that he has pled facts sufficient to create a plausible inference defendants chose to issue the RVR *because* plaintiff had a physical disability. Rather, the RVR was issued after defendant Resler asked plaintiff to sit with the able-bodied inmates at a non-ADA table and plaintiff refused defendant Resler's order. As defendants note in their Motion, institutional security and internal order in prisons are "essential goals that may require limitation or retraction of the retained constitutional rights of . . . convicted prisoners." *Bell v. Wolfish*, 441 U.S. 520, 546 (1979). The Court finds the issuance of the RVR and subsequent decisions by defendants Garza, Hernandez, and Servantes upholding its issuance reflects the importance of those "essential goals" and does not constitute a violation of plaintiff's rights under the Fourteenth Amendment's Equal Protection Clause.

It is therefore RECOMMENDED that defendants' Motion to Dismiss be GRANTED

to the extent plaintiff alleges violations of the Equal Protection Clause of the Fourteenth Amendment. Since plaintiff cannot amend his FAC to remedy this defect, it is RECOMMENDED that plaintiff's Equal Protection Clause claims under the Fourteenth Amendment be DISMISSED WITH PREJUDICE.

### C. ADA and Rehabilitation Act Claims

To state a claim for violation of Title II of the ADA, a plaintiff must allege four elements:

> (1) [H]e is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007); *see also Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001). Title II of the ADA was modeled after § 504 of the Rehabilitation Act and are thus analyzed under the same standard. *Duvall*, 260 F.3d at 1135-36. A state official acting in his official capacity may be a proper defendant pursuant to an ADA Title II claim. *Miranda v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003); *cf. Vinson v. Thomas*, 288 F.3d 1145, 1148 (9th Cir. 2002) (affirming that plaintiffs cannot bring a claim against defendants in their individual capacities under Title II of the ADA).

To recover money damages under Title II of the ADA or § 504 of the Rehabilitation Act, "a plaintiff must prove intentional discrimination on the part of the defendant." *Duvall*, 260 F.3d at 1138; *see also Lovel v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002) ("The same remedies are available for violations of Title II of the ADA and § 504 of the [Rehabilitation Act]."). "Intentional discrimination" means "deliberate indifference" which requires two prongs: "[(1)] knowledge that a harm to a federally protected right is substantially likely, and [(2)] a failure to act upon that likelihood." *Duvall*, at 1139. The

second prong is not satisfied if the failure to fulfill the duty to accommodate results from mere negligence. *Id.* Rather, there must be "an element of deliberateness." *Id.* In the prison context, a plaintiff must show not only a violation, but also that the challenged policy is not reasonably related to the prison's legitimate penological interests. *Pierce v. County of Orange*, 526 F.3d 1190, 1216-17 (9th Cir. 2008). Put differently, inmates are entitled to "reasonable accommodations, not to optimal ones finely tuned to [inmates'] preferences." *Nunes v. Mass. Dep't of Corr.*, 766 F.3d 126, 146 (1st. Cir. 2014); *see also Thomas v. Pa. Dept. of Corr.*, 615 F. Supp. 2d 411 (W.D. Pa. 2009) (finding no deliberate indifference to plaintiff's handicap of an above the knee amputation when prison officials denied plaintiff a handicap cell, but was instead given a bottom bunk and a cell on the bottom tier).

Plaintiff has not stated facts sufficient to establish that he was subjected to intentional discrimination in violation of Title II of the ADA or Section 504 of the Rehabilitation Act.[2] The facts alleged in the FAC do not support plaintiff's claims that defendants discriminated against him because of his disability. Rather, the facts alleged indicate defendants acknowledged plaintiff's disability and chose the reasonable accommodation of allowing him to sit at the ADA table *unless* there were wheelchair bound individuals for whom seating at any other table was impossible. [FAC, Exh. B, at p. 40]. Plaintiff acknowledges in his FAC that while it is somewhat hazardous for him to sit at non-ADA tables because of the "CamWalker boot" on his left leg, it is nonetheless perfectly feasible to do so. [FAC, at p. 3b].

//

//

---

[2] Plaintiff refers to himself as a member of the "Armstrong class" in both the FAC and his Opposition. [FAC, at p. 10; Doc. No. 38, at p. 12]. The Court agrees with defendants that plaintiff appears to be referring to the case, *Armstrong v. Schwarzenegger*, NO. CV94-2307-CW. In that case, the Northern District of California articulated a remedial plan that enjoined discriminatory practices against disabled individuals. *Id.* To the extent plaintiff seeks a remedy under *Armstrong*, no such remedy can be issued by this Court. *Crayton v. Terhune*, No. C 98-4386-CRB-PR, 2002 WL 31093590, at *4 (N.D. Cal. Sept. 17. 2002). Any alleged violations of the remedial plan must instead be addressed through the procedures provided in *Armstrong*. *Frost v. Symington*, 197 F.3d 348, 358-59 (9th Cir. 1999).

8

### 1. Defendant Resler's Alleged Violations of the ADA and RA

Defendants argue in their Motion that plaintiff fails to specifically allege defendant Resler denied him access to the dining hall. [MTD, at p. 11]. Further, they argue that plaintiff only alleges it is difficult for him to sit at a normal table because of his CamWalker boot and that "such an allegation does not result in a lack of access." [*Id.*]. The Court disagrees with defendants' interpretation of what constitutes a denial of "*access* to the dining hall" inquiry. The appropriate inquiry is whether defendant Resler's alleged decision to preclude plaintiff from sitting at the ADA table on December 27, 2015 was motivated by plaintiff's disabled status and reflected deliberate indifference by defendant Resler. Similarly, plaintiff alleges that he was denied access to the dining hall a second time on January 20, 2016.[3] [FAC, at p. 6]. Even though the Court finds defendants' interpretation of the term "access" as used in plaintiff's pleadings inaccurate, the Court nonetheless finds – as discussed in greater detail, *infra* – that plaintiff has pled insufficient facts to raise a plausible inference that he was denied access to the ADA table on December 27, 2015, or on January 20, 2016.

First, plaintiff does not clearly allege that defendant Resler's actions deprived him of access to the ADA table on December 27, 2015 when he entered Dining Hall 1. The FAC contains the following allegations: (1) that plaintiff entered the dining hall wearing the CamWalker boot on his left leg while using a walker and went through the line to get a food tray [FAC, at p. 5]; (2) that defendant Resler "approached [plaintiff] and insisted that [he] join the rest of the abled-bodied (*sic*) inmates . . ." [*Id.*]; and, (3) that plaintiff informed defendant Resler he was a "mobility impaired ADA inmate", was allowed to sit at the ADA table, and that he refused to follow defendant Resler's request." [*Id.*]. Plaintiff then alleges that these facts establish he was denied access to the RJDCF dining hall. [*Id.*,

---

[3] Defendants argue plaintiff fails to allege he was denied access to the dining hall on any occasion after December 27, 2015. [MTD, at p. 8]. The Court disagrees with defendants' characterization of plaintiff's FAC. While plaintiff's pleading regarding the events of January 20, 2016 is inartful, it nonetheless articulates a barebones allegation that he was denied access to the RJDCF dining hall on that day. The Court therefore addresses the sufficiency of plaintiff's allegations, *infra*.

at pp. 5-6]. Defendant Resler's RVR, which was filed December 28, 2015, states that after plaintiff refused to move, defendant Resler requested plaintiff's identification card, which plaintiff refused to provide. [*Id.*, Exh. B, at p. 25]. According to the RVR, plaintiff then "walked out of the chow hall and approached [defendant] Sgt. Hernandez." [*Id.*]. Plaintiff has not alleged whether he was removed from the dining hall for refusing to change tables, whether he was prevented from reentering the dining hall after allegedly leaving to speak with defendant Hernandez, or whether he finished his meal at the ADA table or any other table after the confrontation. Plaintiff's factual allegations and the exhibits that comprise his Complaint create substantial uncertainty and ambiguity regarding the events on December 27, 2015, and whether any denial of access occurred. Moreover, plaintiff's own exhibits discussed in greater detail, *infra*, undermine the tenor of his allegations against defendant Resler. Without more the Court cannot find plaintiff's FAC gives rise to a plausible inference of liability. In sum, plaintiff has failed to plead facts sufficient to support his contention that defendant Resler denied him access to Dining Hall 1 on December 27, 2015.

Second, a violation of the ADA and RA requires a showing that the defendant acted intentionally, and with deliberate indifference, when engaging in the allegedly discriminatory act at issue. *Duvall*, 260 F.3d at 1138. Here, plaintiff's Exhibit G contains the following statement from the Second Level Appeal of the December 28, 2015 RVR which suggests a lack of the requisite intentional and deliberately discriminatory actions by defendant Resler:

> The officer ordered the [plaintiff] to sit in a table that had a seat, as opposed to sitting in an ADA table, which have no seats and are mainly used by wheel chair inmates. The officer did not know that the walker used by [plaintiff] had a seat, and could be used in the ADA tables. The officer was immediately informed as to the use of ADA tables by not only wheel chair inmates, but also to all who need such accommodations.

[FAC, Exh. G, at p. 80]. Plaintiff's FAC only alleges defendant Resler ordered plaintiff to sit at a non-ADA table, with no additional factual allegations to support plaintiff's assertion

that defendant Resler intentionally discriminated against him. Accordingly, plaintiff's allegations do not give rise to a plausible inference of discriminatory intent.

Finally, plaintiff alleges he was denied access to the RJDCF dining hall again on January 20, 2016. [FAC, at p. 6]. Plaintiff states defendant Resler "intentionally discriminated against" him based on his "mobility impairment [status]" when defendant Resler had plaintiff leave Dining Hall 2 and subjected him to a "clothed body search."[4] [*Id.*]. Plaintiff alleges during the search Resler attempted to push him off balance and stated he would continue to harass plaintiff, tear up his prison cell, and ensure plaintiff dies in prison. [*Id.*]. Plaintiff has merely stated defendant Resler intentionally discriminated against him without offering any specific facts to support the allegations. The Court finds defendant Resler's alleged comments and actions do not rise to the level of deliberate indifference. *Cf. Keenan v. Hall*, 83 F.3d 1083, 1092-93 (9th Cir. 1996) (affirming summary judgment of lower court finding that harassing comments were not unusually gross for a prison setting and did not rise to the level of deliberate indifference necessary for an Eighth Amendment claim). Plaintiff has failed to plead facts sufficient to support an inference that he was the subject of intentional discrimination and deliberate indifference on January 20, 2016.

It is therefore RECOMMENDED that defendants' Motion to Dismiss be GRANTED as to plaintiff's claims against defendant Resler under the ADA and RA. Since plaintiff can remedy the defects in the FAC, the Court RECOMMENDS that the dismissal be WITHOUT PREJUDICE and plaintiff be given leave to amend the FAC.

//

---

[4] Plaintiff's allegations regarding the events on January 20, 2016 pertain to his removal from Dining Hall 2, while the allegations for the events on December 27, 2015 pertain to Dining Hall 1. [FAC, at pp. 5-6]. From the FAC and the MTD, it is apparent that there is limited space at an ADA table at least in part because there is either (1) only one such table among the dining halls, or (2) a limited number of ADA tables per dining hall. Plaintiff has not alleged whether there was an ADA table in Dining Hall 2 and whether his removal from Dining Hall 2 on January 20, 2016 therefore constituted denial of access to an ADA table on that date.

//

## 2. Defendants Hernandez, Garza, and Servantes's Alleged Violations of the ADA and RA

Plaintiff alleges defendants Hernandez, Garza, and Servantes violated the ADA and RA by finding plaintiff guilty of the violations set forth in the RVR written by defendant Resler. However, defendants' consideration of the RVR at the initial stage and at the appeals stage does not support a deliberate indifference claim. *See Ramirez v. Galaza*, 33 F.3d 850, 86 (9th Cir. 2003). The Supreme Court has held that if there is even "some evidence" to support a prison's disciplinary decision, the requirements of due process are satisfied. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); s*ee also Buckley v. Gomez*, 36 F. Supp. 2d. 1216, 1222 (stating that "a prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports"). Here, plaintiff admits in the FAC that he disobeyed defendant Resler's direct order to stand up from the ADA table. [FAC, at p. 5]. The Court, therefore, finds the issuance of the RVR and the subsequent decisions upholding it on appeal does not constitute deliberate indifference.

It is therefore RECOMMENDED that defendants' Motion to Dismiss be GRANTED with respect to plaintiff's claims against defendants Hernandez, Garza, and Servantes. Since plaintiff cannot amend the FAC to correct this defect it is RECOMMENDED that plaintiff's claims of deliberate indifference against defendants Hernandez, Garza, and Servantes be dismissed WITH PREJUDICE.

## 3. Defendants Din, Juarez, Stratton, and Liu's Alleged Violations of the ADA and RA

Plaintiff alleges defendants Din, Juarez, Stratton, and Liu violated the ADA and RA by issuing the decision concluding that both wheelchair and walker users would have access to ADA tables, but that wheelchair users would be prioritized when space was an issue. [FAC, Exh. B, at p. 40]. Defendant Din issued the initial decision and defendants Juarez, Stratton, and Liu all upheld the decision at different levels of appeal. [*Id.*, at pp. 47-51]. Plaintiff argues, in essence, that the only appropriate accommodation for walker users

would be full access to the ADA tables on an equal basis with wheelchair users. This argument, however, fails to consider that wheelchair users are unable to eat at any table but an ADA table, while plaintiff can still use non-ADA tables. [*Id.*, at p. 5]. As noted, *supra*, inmates are entitled to "reasonable accommodations, not to optimal ones finely tuned to [inmates'] preferences." *Nunes*, 766 F.3d at 146. The decisions by defendants Din, Juarez, Stratton, and Liu granted plaintiff a right to use the ADA tables as a matter of policy, with reasonable priority given to individuals with more severe disabilities (e.g., wheelchair bound inmates) who could only sit at an ADA table. The Court concludes that these defendants took plaintiff's needs into account, as well as the broader prison population, and crafted a reasonable solution. Accordingly, plaintiff has not alleged facts sufficient to demonstrate defendants Din, Juarez, Stratton, and Liu violated the ADA and RA, nor that they demonstrated deliberate indifference to plaintiff.

Moreover, as to defendants Juarez and Stratton, there is no respondeat superior liability under 42 U.S.C. § 1983. *Taylor v. List*. 880 F.2d 1040, 1045 (9th Cir. 1989). Liability must be shown via personal participation by the supervisor in the alleged misconduct. *Id.*, 880 F.2d at 1045. Defendants Juarez and Stratton both upheld defendant Din's order which *granted* plaintiff access to the ADA tables subject to the aforementioned limitation. The Court finds that defendants' Juarez and Stratton's respective decisions to uphold Din's ruling does not constitute a "sufficient causal connection between the supervisor's wrongful conduct and the [alleged] violation." *Mackinney v. Nielson*, 69 F.3d 1002, 1008 (9th Cir. 1995).

It is therefore RECOMMENDED that defendants Motion to Dismiss be GRANTED WITH PREJUDICE as to plaintiff's claims under the ADA and RA with respect to defendants Din, Juarez, Stratton, and Liu. Since plaintiff cannot amend the FAC to remedy these defects, it is RECOMMENDED that plaintiff's claims be dismissed WITH PREJUDICE.

### 4. Plaintiff's Punitive Damages Request under the ADA and RA

Plaintiff seeks punitive damages for defendants' alleged violations of the ADA and

RA. Punitive damages are not available to plaintiffs for private suits brought under the ADA and RA. *Pennhurst State Sch. & Hop. v. Halderman*, 465 U.S. 89, 124 (1984); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973-74 (9th Cir. 2004).

It is therefore RECOMMENDED that defendants' Motion to Dismiss be GRANTED WITH PREJUDICE as to plaintiff's request for punitive damages under the ADA and RA.

### D. <u>Official Capacity Claims Under California State Law</u>

The FAC names defendants Resler, Garza, Servantes, Din, Juarez, Stratton, and Liu in their official capacities and seeks money damages against them under California Government Code § 11135. [Doc. No. 4, at pp. 2-2a]. The Ninth Circuit has made clear the Eleventh Amendment precludes suits for money damages against defendants in their official capacities. *See Pennhurst*, 465 U.S. at 106; *see also Cholla Ready Mix*, 382 F.3d at 973 (9th Cir. 2004) ("[A]ll of [plaintiff's] state law claims are barred by the Eleventh Amendment, which precludes the adjudication of pendent state law claims against nonconsenting state defendants in federal courts"). Further, California Government Code § 11139 provides that the remedy for violations of § 11135 is limited to equitable relief. *See also Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 814 F. Supp. 2d 967, 982 (E.D. Cal. 2011) (stating the available remedies under § 11135 are limited to civil actions for equitable relief). Plaintiff seeks only money damages, and equitable relief is moot because he has since moved to a different correctional facility.

It is therefore RECOMMENDED that defendants' Motion to Dismiss be GRANTED to the extent it seeks dismissal of any claims against these defendants in their official capacities for violating California Government Code § 11135. Since plaintiff cannot amend the FAC to correct this defect it is RECOMMENDED that plaintiff's official capacity claims under California Government Code § 11135 be dismissed WITH PREJUDICE.

### E. <u>Leave to Amend</u>

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

14

3:16-cv-02538-CAB-KSC

the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The "rule favoring liberality in amendments to pleadings is particularly important for the *pro se* litigant. Presumably unskilled in the law, the *pro se* litigant is far more prone to making errors in pleadings than the person who benefits from the representation of counsel." *Lopez*, 203 F.3d at 1131 (internal citations omitted).

Based on the foregoing discussion of plaintiff's claims under the ADA and RA, the Court concludes that plaintiff could potentially plead additional facts to remedy the defects discussed regarding defendant Resler in Section C, *supra*. It is therefore RECOMMENDED that the District Court DENY defendants' Motion to Dismiss to the extent it seeks dismissal of the ADA and RA causes of action against defendant Resler without leave to amend, and GRANT plaintiff leave to amend his FAC consistent with this Order.

## CONCLUSION

The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Judge Bencivengo pursuant to Title 28, United States Code, Section 636(b)(1). For all of reasons outlined above, IT IS HEREBY RECOMMENDED that the District Court issue an Order:

(1) GRANTING defendants' Motion to Dismiss all defendants WITH PREJUDICE as to plaintiff's claims under the Equal Protection Clause of the Fourteenth Amendment;

(2) GRANTING claims against defendant Resler WITHOUT PREJUDICE as to plaintiff's claims under the ADA and RA WITH *FORTY-FIVE (45) DAYS* LEAVE TO AMEND;

(3) GRANTING defendants' Motion to Dismiss defendants Hernandez, Garza, and Servantes WITH PREJUDICE as to plaintiff's claims under the ADA and RA;

(4) GRANTING defendants' Motion to Dismiss defendants Din, Juarez, Stratton and Liu WITH PREJUDICE as to plaintiff's claims under the ADA and RA;

(5) GRANTING defendants Motion to Dismiss *ALL* defendants WITH PREJUDICE as to plaintiff's claims for punitive damages under the ADA and RA;

(6) GRANTING defendants Motion to Dismiss *ALL* defendants WITH PREJUDICE as to plaintiff's claims against defendants in their official capacities under California Government Code §11135.

IT IS HEREBY ORDERED that **no later than sixty (60) calendar days from the date this Order is filed**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties **no later than twenty-one (21) calendar days from the date any Objection is filed**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: December 15, 2017

Hon. Karen S. Crawford
United States Magistrate Judge