UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GREGORY WILLIAMS,<br><br>                    Plaintiff,<br><br>v.<br><br>S. RESLER, et al.,<br><br>                    Defendant. | Case No.: 16cv2538-CAB-KSC<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 53] and GRANTING DEFENDANTS' MOTION TO DISMISS [Doc. No. 23]** |

On October 7, 2016, Plaintiff Steven Gregory Williams, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983. [Doc. No. 1.] On December 2, 2016, Plaintiff filed a First Amended Complaint ("FAC"). [Doc. No. 4.] On May 30, 2017, Defendants filed a motion to dismiss the First Amended Complaint. [Doc. No. 23.] On December 18, 2017, Magistrate Judge Karen Crawford issued a Report and Recommendation ("Report") to grant Defendants' motion to dismiss, with leave to amend only as to Plaintiff's Americans with Disabilities ("ADA") and Rehabilitation ("RA") claims against defendant S. Resler. [Doc. No. 53.] On February 12, 2018, Plaintiff filed objections to the Report. [Doc. No. 57.]

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the

Federal rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation. The Court reviews *de novo* those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc) (emphasis in original).

The Report provides a summary of the factual allegations in the FAC [Doc. No. 53 at 2-3], followed by a legal analysis of Plaintiff's: (1) Fourteenth Amendment claims; (2) ADA and RA claims; and (3) official capacity claims under California state law [Doc. No. 53 at 5- 15]. The Report concludes that Defendants' motion to dismiss should be granted with prejudice as to all claims as to all of the defendants, except that Plaintiff should be given leave to amend his ADA and RA claims as to defendant Resler only. [Doc. No. 53 at 15-16.]

In his objections to the Report, Plaintiff takes issue with the Report's recitation of the factual allegations in the FAC. [Doc. No. 57.] While it is true that the factual recitations in the Report are not an exact duplicate of the allegations in the FAC, the Report merely seeks to provide a summary of the FAC's allegations, not an actual duplication. This Court has compared the Report's summary of the allegations with the actual allegations in the FAC, and finds the summaries to be accurate for purposes of the legal analysis required for this motion. Therefore, Plaintiff's objections are rejected.

Following *de novo* review, the Court finds the Report to be thorough, complete, and an accurate analysis of the legal issues presented in the motion to dismiss. Therefore, the Court: (1) ADOPTS the Report in full; (2) REJECTS Plaintiff's objections; (3) AND GRANTS the motion to dismiss as follows:

(1) GRANTS as to all defendants WITH PREJUDICE as to Plaintiff's claims under the Equal Protection Clause of the Fourteenth Amendment;

(2) GRANTS as to defendant Resler WITHOUT PREJUDICE as to Plaintiff's claims under the ADA and RA;

(3) GRANTS as to defendants Hernandez, Garza, and Servantes WITH PREJUDICE as to Plaintiff's claims under the ADA and RA;

(4) GRANTS as to defendants Din, Juarez, Stratton and Liu WITH PREJUDICE as to Plaintiff's claims under the ADA and RA;

(5) GRANTS as to all defendants WITH PREJUDICE as to Plaintiff's claims for punitive damages under the ADA and RA;

(6) GRANTS as to all defendants WITH PREJUDICE as to Plaintiff's claims against defendants in their official capacities under California Government Code § 11135.

Plaintiff has until **May 4, 2018** to file a Second Amended Complaint ("SAC"). However, the SAC may only include claims under the ADA and RA against defendant Resler, and may not include claims for punitive damages. If no SAC is filed by May 4, 2018, judgment shall be entered for Defendants and the case shall be closed without further court order.

**IT IS SO ORDERED**.

Dated: March 19, 2018

Hon. Cathy Ann Bencivengo
United States District Judge